UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLENE MARSH and KIMBERLY CRAWL,<br><br>  Plaintiffs, on behalf of themselves and others similarly situated,<br><br>v.<br>UBER TECHNOLOGIES, INC., RASIER, LLC, TRAVIS KALANICK, XCHANGE LEASING, LLC, XCL TITLING TRUST, LLC, ANDREW CHAPIN, ROGERS AUTO GROUP<br><br>  Defendants. | Case No: 17-cv-05254<br><br>Honorable Rebecca R. Pallmeyer |

**MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF CHARLENE MARSH**

The undersigned attorney, James C. Vlahakis, of Sulaiman Law Group, Ltd., respectfully requests that this Honorable Court enter an Order permitting the undersigned and his firm to withdraw as counsel of record for Plaintiff Charlene Marsh ("Marsh"). In support thereof, the undersigned states as follows:

**Introduction**

1.  On or about November 29, 2017, Marsh retained the undersigned and his firm to represent her in the above-captioned case.

2.  Marsh has asked the undersigned counsel to withdraw from representing her in this case. Mindful of the confidential nature of the reasoning behind Marsh's request, Marsh has effectively "discharged" her counsel as this terms is used in Rule 1.16(a)(3) of the Illinois Rules of Professional Conduct.

1

**The Illinois Rules of Professional Conduct ("IRPC")**

3. Rule 1.16(a)(3) of the IRPC provides that an attorney "shall withdraw from representation of a client if . . . the lawyer discharged."

4. Rule 1.16(b) of the IRPC provides that "a lawyer may withdraw from representing a client if . . ." and lists seven (7) circumstances which may allow for an attorney to withdraw.

5. Rule 1.16(b)(1) of the IRPC broadly provides that "a lawyer may withdraw from representing a client if . . . withdrawal can be accomplished *without material adverse effect on the interest of the client*." (emphasis supplied). As discussed in the following section, withdrawal of counsel can be accomplished without any material adverse effect on the interests of Marsh.

6. IRPC Rule 1.16(b)(4) broadly provides that an attorney may withdraw where he or she has a "fundamental disagreement" with a client. One exists in this case. IRPC Rule 1.16(b)(7) also provide that an attorney may withdraw from representing a client where "other good cause for withdrawal exists."

7. Marsh has asked counsel to withdraw because she and her counsel have fundamental and irreconcilable differences regarding the manner in which Marsh wants this case to be prosecuted. The undersigned counsel certifies that he has attempted in good faith to resolve these differences. Should this Court wish to learn more about the reasoning behind Marsh's request that counsel withdraw, Marsh and counsel can do so at an *in camera* side bar so as to avoid disclosing confidential communications to the defense.

8. In accordance with IRPC Rule 1.16(c), Marsh has reviewed and approved this Motion prior to it being filed. Further, consistent with IRPC Rule 1.16(d), Marsh and the undersigned have conferred and agreed on the presentment date of this Motion.

**Withdrawal Will Not Result in Any Material Adverse Effect on Plaintiff's Claims**

9. The instant Motion has been filed at the early stages of Marsh's case, and consistent with Rule 1.16(b)(1), withdrawal can be accomplished without any material adverse effect on the interests of Marsh.

10. Further, Marsh has asked counsel to withdraw because she wants to prosecute he claims on an individual basis and as a pro se litigate.

11. While the Amended Complaint was filed on a class basis, the undersigned attorney will continue to represent the second named Plaintiff, Kimberly Crawl, and counsel will continue to advance Crawl's claims on a class wide basis.

12. Although Marsh has asked the undersigned counsel to withdraw, it would not be improper to allow Marsh to prosecute this case side by side with her former counsel, who seeks to represent putative class members by and through the second Plaintiff in this case, Kimberly Crawl. For example, it is common for class action based MDL proceedings to include *pro se* plaintiffs alongside a consolidated complaint.[1]

13. Alternatively, Crawl's putative class claims could be refiled before this Court with a new case number and prosecuted on the same or a substantially similar track.

**Conclusion**

14. For the reasons set forth above, Marsh wishes to represent herself pro se for the remainder of this proceeding.

---

[1] As a member of the Steering Committee in the case of In re: Apple Inc. Device Performance Litigation, 18-md-2827 (N.D. Cal.), Mr. Vlahakis is aware of at least two pro se cases were consolidated by the JPMLand will likely continue as pro set cases based upon comments from the presiding judge.

15. The undersigned counsel and Sulaiman Law Group, LTD will remain as counsel for Kimberly Crawl.

WHEREFORE, the undersigned counsel and Sulaiman Law Group, LTD, respectfully request this Honorable Court enter an order granting this Motion to Withdraw as counsel for Plaintiff Charlene Marsh.

Respectfully submitted,

*/s/ James C. Vlahakis*
James C. Vlahakis
*Counsel for Plaintiffs*

Sulaiman Law Group, LTD
2500 S. Highland Ave., Ste. 200
Lombard, IL 60137

Phone (630)575-8181
Fax: (630)575-8188
jvlahakis@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

      I, James C. Vlahakis, certify that on May 18, 2018, I caused the foregoing **MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF CHARLENE MARSH** to be served upon (a) counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system and (b) Charlene Marsh by way of her personal email account, which I also utilized to send her a draft of the above document, which she then approved for filing.

                                                          */s/ James Vlahakis*